IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMPIRICAL FOODS, INC.<br><br>        Plaintiff and Counter-<br>        Defendant,<br><br>vs.<br><br>PRIMUS BUILDERS, INC.,<br><br>        Defendant,<br>        Counterclaimant, and<br>        Third-Party Plaintiff,<br><br>vs.<br><br>SWISSLOG LOGISTICS, INC.,<br><br>        Third-Party Defendant. | **CASE NO. 8:19-CV-00457** |

**ORDER**

Pursuant to the Court's Order dated December 8, 2020 [DE #93], which ordered the parties to jointly submit a proposed order outlining the discovery necessary for informed settlement discussions, the deadlines for providing that information, and the name of the selected neutral for participation in alternative dispute resolution, it is hereby further ordered:

    1.    Defendant Primus Builders, Inc. ("Primus") and Third-Party Defendant Swisslog Logistics, Inc. ("Swisslog") shall produce to Plaintiff empirical foods, inc. ("empirical"), and to each other, the following documents:

        a.    Any and all insurance policies that may apply to this matter.

14080629 v1

b. Pursuant to FRE 408, Swisslog shall furnish a summary of a qualitative analysis of the January and February inspections, if any, for purposes of the mediation only.

c. Non-privileged internal communications and external communications between Primus and Swisslog relating to the project, to or from the following custodians, between January 1, 2017 through October 23, 2019.

| Primus Custodians | Swisslog Custodians |
|---|---|
| 1.  Delmar Ferguson | 1.  David Cederholm |
| 2.  Erik Gunderson | 2.  Francis Said |
| 3.  Randy Jennings | 3.  Don Potter |
| 4.  Tony Dembickie | 4.  Markus Schmidt |

2. empirical shall produce to Primus and Swisslog:

a. empirical's contract with Westfalia for repair/replacement of the existing ASRS System.

b. empirical's consulting contract with Sikich LLP for services relating to iFix, Microsoft Dynamics and the ASRS System.

c. empirical's schedule with Westfalia for repair/replacement of the existing ASRS System.

d. Non-privileged internal communications, and external communications between empirical and Westfalia and Sikich, relating to the project, including the design, installation, commissioning, testing and operating performance of the existing ASRS System and related iFix and Microsoft

Dynamics ERP systems, as well as the need, cost, scope, plans, and schedule to modify/repair/replace the foregoing systems as they relate to the ASRS, to or from the following custodians, between January 1, 2017 and February 13, 2020 (the date of the Westfalia contract), except that any such communications reflecting damages shall be produced through December 14, 2020.

| **Empirical Custodians** |
| --- |
| 1. David Berghult |
| 2. Nick Roth |
| 3. Spencer Frankl |
| 4. David Layhee |

  e. Pursuant to FRE 408, by January 6, 2021, empirical shall furnish to the parties and mediators a statement of damages empirical seeks to recover divided into general categories.

 3. The parties shall begin producing their respective documents on or before December 31, 2020. The parties shall continue producing documents on a rolling basis, with subsequent productions to be made on January 7, 14, and 20, 2021. The parties shall use their best efforts to produce the documents according to the priority set forth above (#1 through #4), with the documents belonging to the higher priority custodians to be produced first. If the documents belonging to the four designated custodians are too voluminous to reasonably review and produce

prior to the mediation, the parties shall meet and confer in good faith and shall reduce the scope of the search. The parties shall complete their respective productions on or before January 20, 2021.

4. The parties are producing documents on an expedited basis for the purposes of mediation and agree that any inadvertently produced work product or attorney-client privileged documents will be returned upon request and deleted from all electronic storage locations, subject to a motion regarding the claimed privilege. Any applicable privilege will not be waived on account of the production of the document. All documents will be deemed Confidential pursuant to the court's protective until 60 days after the mediation concludes, at which point parties must designate individual documents as Confidential to retain that status. Summaries, reports, position statements and other documents specifically prepared for mediation shall be subject to the mediation privilege, as applicable in this jurisdiction, and the requirements of FRE 408.

5. The parties have agreed that the neutrals for the virtual mediation shall be Ty Laurie and Judith Ittig. The virtual mediation is scheduled for January 25-26, 2021. However, the neutrals may confer with the parties' counsel and/or experts, jointly or separately and at the neutrals' discretion, prior to the mediation date. Prior to the mediation date, the neutrals shall be granted access to the case docket on Pacer on a temporary basis until the completion of mediation. The neutrals may be furnished, upon their request or upon the consent of all parties, additional documents providing detail on the issues at mediation. The parties' experts shall be available during the mediation.

December 22, 2020                    ENTERED:

                                     _____
                                     Magistrate Judge Cheryl R. Zwart