IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMPIRICAL FOODS, INC., | |
| Plaintiff, Counter-Defendant, Cross Defendant, | 8:19CV457 |
| v. | MEMORANDUM AND ORDER |
| PRIMUS BUILDERS, INC., | |
| Defendant, Counter Claimant, Counter Defendant, and Third-Party Plaintiff, | |
| v. | |
| SWISSLOG LOGISTICS, INC., | |
| Third-Party Defendant, Cross Claimant, and Counter Claimant. | |

This matter is before the Court on Swisslog Logistics, Inc.'s ("Swisslog") Motion to Dismiss (Filing No. 105) empirical foods, inc.'s ("empirical") Third-Party Complaint (Filing No. 92). empirical asserts claims against Swisslog based upon negligent misrepresentation, promissory estoppel, and unjust enrichment. For the following reasons, Swisslog's motion is denied.

I.   **BACKGROUND**[1]

This case arises out of a series of contracts for the design and construction of empirical's fully automated meat processing facility in South Sioux City, Nebraska

---

[1]On a motion to dismiss, the Court accepts the well-pleaded factual allegations in the complaint as true. *See Stockley v. Joyce*, 963 F.3d 809, 816 (8th Cir. 2020)

("Facility"). As early as January 2015, empirical worked with Primus Builders, Inc. ("Primus") and Swisslog to plan for the construction and design of the Facility and an automated storage and retrieval system ("ASRS") to be used therein.

In the days leading up to the formal execution of the governing contract documents, Swisslog provided a 251-page proposal ("Swisslog Specifications") to empirical and made numerous representations to empirical about its ability to provide the ASRS and coordinate its technology to match empirical's needs. empirical ultimately decided to hire Primus as the general contractor for the construction of the Facility, in part because Primus had a working relationship with Swisslog. Although empirical considered other competitors for the job, empirical relied on the representations made by Swisslog in making its selection.

On September 2, 2016, Primus and empirical executed the Guaranteed Maximum Sum Contract ("GMS Contract"), which detailed Primus's role as the general contractor. On the same day, Primus and Swisslog executed the Base Contract for Project BPI[2] ("Base Contract"), making Swisslog the subcontractor responsible for the ASRS. Over the next three years, Primus and Swisslog worked on the Facility and ASRS. They sought additional time to complete the project when problems arose, including the functionality of the ASRS. During that time, "Swisslog provided empirical assurances regarding the design, install, furnish, and commission of the ASRS, and those assurances were not fulfilled." On multiple occasions, empirical and Swisslog conferred about the ASRS without Primus present. Based upon delays and the failure to implement a functioning ASRS according to the Swisslog Specifications, empirical ultimately terminated the GMS Contract on August 8, 2019.

---

[2]Between the time of contracting and the filing of this lawsuit, empirical changed its name from "Beef Products, Inc." to "empirical foods, inc." "BPI" is an acronym for "Beef Products, Inc."

## II. DISCUSSION

### A. Standard of Review

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must state facts, "as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (internal citations and quotation marks omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In reviewing a motion to dismiss, the Court is not strictly limited to the complaint and may also consider materials embraced by the pleadings, exhibits attached to the pleadings, court orders, and matters of public record. *See Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011); *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). In contract cases, the Court may examine the contract documents even if they are "not attached to the complaint." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

### B. Nebraska Law

The parties do not dispute that Nebraska substantive law governs this diversity action. *See Perry v. Johnston*, 641 F.3d 953, 955 (8th Cir. 2011) ("*Erie* mandates that a federal court sitting in diversity apply the substantive law of the forum State."); *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### C. Negligent Misrepresentation

In its third-party complaint, empirical alleges Swisslog promised it could complete design and construction of the ASRS according to the Swisslog Specifications. Those promises allegedly induced empirical to enter the GMS Contract with Primus, with the understanding that Swisslog would be the subcontractor responsible for completing the ASRS. After Swisslog failed to provide the ASRS on time, empirical allowed Swisslog to continue working on the ASRS based on empirical's assurances that it would eventually deliver a fully functioning ASRS. empirical alleges these promises and representations give rise to a claim of negligent misrepresentation.

The Supreme Court of Nebraska adopted the definition of negligent misrepresentation in the Restatement (Second) of Torts § 552, which states

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Accord. Lucky 7, L.L.C. v. THT Realty, L.L.C.*, 775 N.W.2d 671, 675 (Neb. 2009). To be liable for negligent misrepresentation, "the defendant need not know the statement is false . . . the defendant's carelessness or negligence in ascertaining the statement's truth will suffice." *Id.*

In its attempts to dismiss this claim against it, Swisslog first argues this claim is barred by the economic-loss doctrine. Alternatively, Swisslog asserts empirical fails to state a claim because empirical does not adequately plead reliance and all of its allegations relate to future promises. The Court takes each argument in turn.

#### 1. Economic-Loss Doctrine

The economic-loss doctrine is a judicially created doctrine aimed at maintaining the distinction between contract and tort causes of action. *Lesiak v. Cent. Valley Ag Co-op.,*

*Inc.*, 808 N.W.2d 67, 81-82 (2012). It "precludes tort remedies only where the damages caused were limited to economic losses and where either (1) a defective product caused the damage or (2) the duty which was allegedly breached arose solely from the contractual relationship between the parties." *Id.* at 81. Swisslog argues empirical's negligent-misrepresentation claim is "coextensive" with its "breach of contract theory against Primus," and empirical should not be permitted to bring a tort action "to sidestep those contractual arrangements" made among the parties.

Contrary to Swisslog's assertions, Nebraska courts have explicitly held a plaintiff is not limited to asserting contractual claims simply because a contract is involved. *Streeks, Inc. v. Diamond Hill Farms, Inc.*, 605 N.W.2d 110, 122 (Neb. 2000), *overruled on other grounds by Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317 (Neb. 2010). They "may also bring claims for fraudulent concealment, fraudulent misrepresentation, and negligence" in certain circumstances. *Id.*; *see also Oriental Trading Co., Inc. v. Firetti*, 236 F.3d 938, 944 (8th Cir. 2001) ("Nebraska does not restrict contracting parties or their associates to breach of contract actions."). Nebraska courts reason that when misrepresentations induce a contract, "a cause of action for misrepresentation is not a 'dispute regarding a contract,' because the gravamen of the case is in tort." *Zawaideh v. Neb. Dep't of Health & Hum. Servs. Regul. & Licensure*, 825 N.W.2d 204, 212 (Neb. 2013) ("Although contracts are often the end result of the plaintiff's reliance on the defendant's misrepresentation, the true legal dispute for a misrepresentation cause of action is the tortious actions of the defendant."). empirical's assertions that Swisslog's misrepresentations induced it to contract state a separate cause of action not barred by the economic-loss doctrine in Nebraska.

### 2. Reliance

Swisslog next contends the Court should dismiss this claim because empirical fails to adequately plead it justifiably relied on Swisslog's representations. Swisslog claims empirical could not have relied on any alleged misrepresentations because empirical pleads it "ultimately" relied on Primus.

empirical does state it relied on Primus in entering the GMS Contract, but its third-party complaint unmistakably pleads it *also* relied on Swisslog, both before and after the parties executed the Base Contract and GMS Contract. empirical's plausible allegations of reliance are sufficient to overcome a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

### 3. Future Performance Limitation for Fraud Claims

In its final attempt to derail this claim, Swisslog argues empirical cannot assert a claim for negligent misrepresentation because fraud claims generally cannot be based on promises or future events. *See NECO v. Larry Price & Assoc.*, 597 N.W.2d 602, 606 (Neb. 1999) ("Generally, fraud cannot be based on expressions of mere possibilities in reference to future events"); *see also Cyclonaire Holding Corp. v. Baker*, No. 4:16CV467, 2017 WL 3206894, at *7 (D. Neb. Apr. 11, 2017) ("Nebraska law generally requires that claims for fraudulent misrepresentation be based on fact, not on opinions, unfulfilled promises, or statements of future events."). None of the cases cited by Swisslog expressly hold the same prohibition for a negligent-misrepresentation claim. *But see Zawaideh*, 825 N.W.2d at 212 (noting fraudulent-misrepresentation and negligent-representation claims are substantially the same other than the defendant's state of mind). Even assuming Nebraska Courts would apply the future performance limitation to a negligent-misrepresentation claim,[3] there are exceptions.

A fraudulent-misrepresentation claim may be based on statements of future performance if (1) the future event "is in control of the maker . . . and is made in reckless disregard as to its truthfulness or falsity and the other elements of fraud are present," *NECO, Inc.*, 597 N.W.2d at 607, or (2) the opinion provided is material and, in pertinent part, the maker "has successfully endeavored to secure the confidence of the recipient" or "has some other special reason to expect that the recipient will rely on his opinion,"

---

[3]*See QA3 Fin. Corp. v. Fin. Network Inv. Corp.*, No. 8:12CV5, 2013 WL 1148765, at *9 n.3 (D. Neb. Mar. 19, 2013) (questioning whether Nebraska courts would apply the general rule against future performance and its exceptions to negligent-misrepresentation claims).

*Outlook Windows P'ship v. York Int'l Corp.*, 112 F. Supp. 2d 877, 894 (D. Neb. 2000) (permitting fraudulent and negligent-misrepresentation claims to proceed because the opinion was material and the promisor had reason to know others would rely on its statements) (quoting *Burke v. Harman*, 574 N.W.2d 156, 179 (Neb. 1998)); *see also Cyclonaire Holding Corp.*, 4:16CV467, 2017 WL 3206894, at *7 (noting that even if plaintiff's allegations are "'future events' that cannot support a fraud claim, Plaintiff's [fraudulent-misrepresentation and negligent-misrepresentation] claims are still viable because Plaintiff alleges that it relied on financial information provided by Defendants regarding facts material to the transaction and that Defendants had special knowledge about the information that Plaintiff did not have").

empirical does not deny its allegations relate to future events and opinions; it argues it has sufficiently alleged Swisslog's false statements fall within both exceptions. empirical asserts Swisslog was clearly in control of its performance and delivery of the ASRS, and "insofar as Swisslog's statements could be considered 'opinions,'" Swisslog did secure empirical's confidence in making such representations and could expect that empirical would rely on them. Either way, empirical has adequately stated its claim.

### D. Quasi-Contract Claims

Noting it is not a party to the Base Contract between Primus and Swisslog, empirical seeks to recover directly from Swisslog based on quasi-contract theories of promissory estoppel and unjust enrichment. The Court recognizes these claims are likely duplicative of empirical's breach-of-contract claims against Primus, as they are premised on nearly identical facts. But at the motion-to-dismiss stage, empirical is permitted to plead inconsistent theories, even if it may ultimately recover only on one. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

### 1. Promissory Estoppel

To state a claim for promissory estoppel under Nebraska law, a plaintiff must show "(1) a promise that the promisor should have reasonably expected to induce the plaintiff's action or forbearance, (2) the promise did in fact induce the plaintiff's action or forbearance, and (3) injustice can only be avoided by enforcing the promise." *Weitz Co., LLC v. Hands, Inc.*, 882 N.W.2d 659, 668 (Neb. 2016). In its third-party complaint, empirical alleges "Swisslog made unambiguous promises to perform the design and construction of the automatic components, the cranes, the racking, and associated support" for the ASRS. empirical further alleges these promises "would induce empirical to enter into the GMS Contract" and permit Swisslog to continue its work on the ASRS, despite repeated functionality problems and delays.

Swisslog argues empirical's reliance on a theory of promissory estoppel is misplaced because binding contracts govern the circumstances of this case.[4] "When an unambiguous contract exists that covers the issue for which damages are sought, promissory estoppel is not a viable theory of recovery." *Folgers Architects Ltd. v. Kerns*, 633 N.W.2d 114, 121 (Neb. 2001). As Swisslog sees it, the GMS Contract "incorporates by reference the Base Contract between Primus and Swisslog," and the contracts surely contemplate Swisslog's "promise" to empirical to perform the design and construction of the ASRS.

Although "there is no injustice in requiring the parties to abide by their contract," *id.*, the contours of contractual liability among the parties are far from clear at this point. As pled in empirical's third-party complaint, it is possible discovery may show Swisslog made promises not covered by the express contracts. At least some of the promises on which empirical relied occurred after the parties entered into the Base Contract and GMS Contract. *See, e.g., Whorley v. First Westside Bank*, 485 N.W.2d 578, 582 (Neb. 1992)

---

[4]Swisslog also argues empirical did not adequately plead a promise or that empirical relied on those representations. Accepted as true, empirical's allegations of the promises made and its reliance on them are sufficient to withstand a motion to dismiss.

(finding plaintiffs stated a claim for promissory estoppel when the alleged promise included additional terms not included in the contract). Therefore, Swisslog's motion to dismiss this claim is denied.

### 2. Unjust Enrichment

For similar reasons, the Court denies Swisslog's motion to dismiss empirical's unjust-enrichment claim. Under Nebraska law, a plaintiff pleading a claim for unjust enrichment for money had and received must show "(1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff." *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006). empirical claims Swisslog received approximately $13,887,431.76 of its money (from Primus under the Base Contract) but failed to perform according to the Swisslog Specifications and should rightfully return those funds to empirical. Because empirical was not a party to the Base Contract, it presumably brings this action as an alternative to a breach-of-contract claim. *See Equestrian Ridge Homeowners Ass'n v. Equestrian Ridge Ests. II Homeowners Ass'n*, 953 N.W.2d 16, 37 (Neb. 2021) ("[U]njust enrichment . . . claims are contract substitutes that courts apply to prevent injustice.").

Swisslog argues empirical cannot proceed on this claim because it did not receive funds directly from empirical and is not in privity with empirical. *See Moglia v. McNeil Co.*, 700 N.W.2d 608, 614 (Neb. 2005) (finding the subcontractor was not liable to the owner for an implied duty to perform in a workmanlike manner because the parties were not in privity of contract). Swisslog misses the point. "[T]he doctrine of unjust enrichment is recognized only in the absence of an agreement between the parties." *Washa v. Miller*, 546 N.W.2d 813, 818-19 (Neb. 1996). An unjust enrichment claim is "based not on the terms of a contract, but instead, on circumstances that demand judicial action to remedy an injustice or inequity." *Equestrian Ridge*, 953 N.W.2d at 37.

As pleaded by empirical, the funds paid to Swisslog were made pursuant to the Base Contract, which depends on the GMS Contract. In its complaint asserting claims against

9

Primus (Filing No. 1), empirical similarly seeks the return of those funds based upon a breach-of-contract claim. Nevertheless, at the motion to dismiss stage, empirical can *plead* alternative theories of recovery. Fed. R. Civ. P. 8(a) and (d). At this point, the Court cannot say empirical has failed to state a claim for unjust enrichment.

### III. CONCLUSION

Swisslog argues empirical failed to adequately state its claims for negligent misrepresentation, promissory estoppel, and unjust enrichment. Upon a thorough review of empirical's third-party complaint, the Court finds empirical pleaded facts sufficient to make out its claims. Swisslog's argument that the economic-loss doctrine bars all empirical's claims also fails under Nebraska law. Although empirical may ultimately not be able to recover under both contractual and quasi-contractual theories, *see Equestrian Ridge Homeowners Ass'n*, 953 N.W.2d at 37, it is permitted to carry both forward at this early stage. Therefore, Swisslog's motion to dismiss is denied.

IT IS SO ORDERED.

Dated this 30th day of April 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge