IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMPIRICAL FOODS, INC., | |
| Plaintiff, Counter-Defendant, Cross Defendant, | 8:19CV457 |
| v. | MEMORANDUM AND ORDER |
| PRIMUS BUILDERS, INC., | |
| Defendant, Counter Claimant, Counter Defendant, and Third-Party Plaintiff, | |
| v. | |
| SWISSLOG LOGISTICS, INC., | |
| Third-Party Defendant, Cross Claimant, and Counter Claimant. | |

This matter is before the Court on empirical foods, inc.'s ("empirical") Objections (Filing No. 156) to the magistrate judge's[1] Memorandum and Order dated April 21, 2021 (Filing No. 154) ("sanctions order"), finding Primus Builders, Inc. ("Primus") and Swisslog Logistics, Inc. ("Swisslog") are entitled to reimbursement for attorney fees, expert fees, and mediator fees and expenses they incurred while preparing for mediation. The magistrate judge found empirical should pay these costs because it violated the Court's discovery order ("discovery order") dated December 22, 2020 (Filing No. 100). For the

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

reasons stated below, the Court overrules empirical's objections and affirms the magistrate judge's sanctions order.[2]

I. **BACKGROUND**

empirical contracted with Primus to design and construct a fully automated meat processing facility in South Sioux City, Nebraska ("facility"), and Swisslog was listed as the subcontractor responsible for the automated storage and retrieval system ("ASRS") housed within the Facility. Throughout 2017 and 2018, empirical and Swisslog adjusted the requirements for the ASRS, which affected the system's functionality. By early 2019, empirical claimed the ASRS was defective and needed to be replaced. According to empirical's reading of its contract with Primus, Primus was responsible for Swisslog's alleged failure to implement a functional ASRS, and empirical filed this lawsuit against Primus on October 18, 2019.

On November 20, 2019, empirical notified Primus it retained a new contractor, Westfalia Technologies, Inc. ("Westfalia"), to complete the ASRS. Primus urged empirical to postpone its plan to replace the ASRS and asked for additional time to complete testing. Primus joined Swisslog as a party to this lawsuit on January 7, 2020, and Primus and Swisslog repeatedly requested to complete additional testing of the ASRS. Swisslog and Primus both completed inspections in February 2020, but Primus was never able to complete the testing it requested due to the COVID-19 pandemic and disputes among the parties.

On April 14, 2020, empirical unilaterally began disassembling the ASRS. Unable to reach a compromise, Primus filed a motion for a temporary restraining order (Filing No. 47), asking the Court to require empirical to stop the disassembly of the ASRS until Primus could conduct end-to-end testing. After a hearing on Primus's motion, this Court determined that the matter was—at root—a discovery dispute best handled by the

---

[2] empirical also filed a Motion for Leave to Allow Evidence in Support of Reply Brief (Filing No. 168) pursuant to NECivR 72.2(b)(1), which is granted.

magistrate judge. The magistrate judge ultimately agreed with Primus and ordered empirical to stop disassembling the ASRS (Filing No. 65). This Court affirmed the magistrate judge's order (Filing No. 81).

During a status conference on December 8, 2020, the magistrate judge discovered the parties had still not resolved the ASRS testing and disassembly conflict. Given the significant time already put into this discovery matter, the magistrate judge referred resolution on this point to a mediator and ordered the parties to jointly submit a proposed order outlining discovery and deadlines for the mediation (Filing No. 93). Among other topics of dispute, the parties discussed, but ultimately did not resolve whether certain documents would have an "attorneys' eyes only" ("AEO") designation. The magistrate judge held another hearing on December 17, 2020, and set a deadline of December 21, 2020, for the submission of a proposed mediation discovery order.

The magistrate judge adopted the discovery order, which was drafted in large part by empirical and submitted jointly by the parties. The discovery order set forth specific categories of documents to be produced, including empirical's "contract with Westfalia for repair/replacement of the existing ASRS System" ("Westfalia contract"). The discovery order did not specifically note any type of protection for the Westfalia contract and no party sought to modify it.

Although empirical produced the Westfalia contract in part, it did not include a portion titled "Phase I Proposal," which described the work to be performed by Westfalia. After Swisslog asked for the Phase I Proposal, empirical provided a redacted version. Following yet another request, empirical provided Primus and Swisslog a redacted version of work to be completed by Westfalia in "Phase II." Despite requests for unredacted versions of these documents, empirical refused, arguing Westfalia objected to their production because Swisslog was its competitor.

3

On the evening of January 24, 2021, the night before the scheduled mediation, Westfalia filed a third-party motion for a protective order (Filing No. 109) related to the Phase I Proposal and Phase II documents, claiming they contained proprietary information. To address the redaction dispute, the magistrate judge held another hearing the next morning. Primus and Swisslog argued empirical knew of its obligations to Westfalia, yet empirical itself drafted the discovery order and did not include any specific protections for the Westfalia contract. Instead, it supposedly relied on a discussion among the parties that they would implement an AEO designation.

After hearing argument from all parties and Westfalia, the magistrate judge determined empirical violated the discovery order and allowed Primus and Swisslog to move for sanctions based on empirical's noncompliance. Now before the Court are empirical's objections to the magistrate judge's sanctions order. empirical argues the magistrate judge erred in finding (1) empirical violated the discovery order and was not substantially justified in producing redacted versions of the Westfalia contract documents, (2) the sanctions award was not unjust, and (3) the scope of the sanctions is appropriate.

**II. DISCUSSION**

**A. Standard of Review**

A party may object to a magistrate judge's order on a nondispositive matter. Fed. R. Civ. P. 72(a). The Court may reconsider any part of the order if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); *cf. Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) ("A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985))). "An order is contrary to the law 'if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Parker v. United States*, No. 8:18CV123, 2019 WL 2076795, at *1 (D. Neb. May 10, 2019) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

B.   **Failure to Comply with the Discovery Order**

Under Federal Rule of Civil Procedure 37(b)(2)(C), when a party disobeys a discovery order, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court must apply Rule 37 sanctions diligently. *See Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993).

empirical first argues the magistrate judge erred in finding it violated the discovery order at all. empirical maintains it complied with the discovery order, and "[t]he fact that those documents were partially redacted does not change the fact that empirical produced them." Despite empirical's arguments that "parties redact documents all the time" and "[r]edacting a document pending a ruling by the court is not uncommon," the magistrate judge's ruling that empirical violated the discovery order, which mandated wholesale production of the Westfalia contract, was not clearly erroneous or contrary to law under the circumstances of this case.

Next, empirical claims its production of a redacted version of the Westfalia contract was substantially justified because (1) it was contractually obligated to protect the confidentiality rights of Westfalia and (2) "Primus and Swisslog reneged on their agreement to enter an AEO protective order." But as the magistrate judge pointed out, empirical knew of its confidentiality obligations to Westfalia and played a key role in drafting the discovery order that called for the production of the entirety of the Westfalia contract. Yet empirical neither requested a protective order nor timely notified the Court as to its dispute. It is also clear empirical was on notice that the purported AEO designation was anything but certain. The Court agrees with the magistrate judge's ruling that empirical's "complete lack of proactive response to this impending issue does not create any justification, let alone a substantial justification, for failure to comply" with the discovery order.

5

## C. Other Unjust Circumstances

In ordering sanctions under Rule 37(b)(2)(C), the Court also considers whether other circumstances make the award unjust. As empirical sees it, the award of attorney fees was unjust because the magistrate judge did not give empirical a reasonable opportunity to be heard on the issue. This assertion is simply untrue. At the emergency hearing before the mediation on January 25, 2021, Primus and Swisslog moved for sanctions. Counsel for empirical was present and had a full and fair opportunity to argue why sanctions should not be imposed. The magistrate judge also ordered briefing on the subject before deciding what sanctions to award.

empirical also faults the magistrate judge for refusing to accept a "no harm, no foul" argument. empirical believes the imposed sanctions are unjust because it participated in the mediation in good faith and Primus and Swisslog eventually received the Westfalia contract in full. Yet empirical ignores the fact it only turned over the Westfalia contract documents *after* the magistrate judge issued a second order requiring it to provide them. "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F.Supp.2d 951, 960 (N.D. Ill. 1999). It was not clearly erroneous or contrary to law for the magistrate judge to reject those arguments.

## D. Scope of Sanctions

Alternatively, empirical objects to the scope of the sanctions awarded to Primus and Swisslog, arguing the magistrate judge "established no causal connection between empirical's redactions and all of the fees and expenses that she awarded." Because the mediation was ordered before empirical's failure to comply with the discovery order, empirical argues "only a small fraction of Primus's and Swisslog's mediation-related fees could have had anything to do with empirical's redaction of the Westfalia documents." But empirical's argument mischaracterize the magistrate judge's findings in the sanctions order.

6

The Court has wide latitude in imposing sanctions for violating a discovery order, so long as the sanction is "'just' and relate[s] to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (1992)). The magistrate judge carefully considered the available sanctions and tailored the award to reflect the time spent working on the mediation only after empirical's violation of the discovery order—not the entire period leading up the mediation. The magistrate judge's order was not clearly erroneous or contrary to law; empirical's behavior disrupted and delayed preparation for the mediation, created a hostile environment leading up to the mediation, and prevented Swisslog and Primus from having an opportunity to consider necessary information for case evaluation.

Accordingly,

IT IS ORDERED:
1. empirical foods, inc.'s Objections (Filing No. 156) to the magistrate judge's Memorandum and Order (Filing No. 154) are overruled.
2. The magistrate judge's Memorandum and Order (Filing No. 154) is affirmed.
3. On or before July 7, 2021, Primus Builders, Inc. and Swisslog Logistics, Inc. shall submit an itemized billing statement of their fees to empirical.
4. empirical's counsel shall respond to this itemization by July 19, 2021.
5. If the parties agree as to the amount to be awarded, they shall file a joint stipulation for entry of an order awarding costs and fees to Primus and Swisslog by July 26, 2021.
6. If the parties do not agree on the attorney's fees and costs to be awarded, Primus and Swisslog shall file a motion for assessment of attorney fees and costs no later than August 2, 2021. This motion shall be submitted in accordance with the Court's fee-application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.
7. If an application for fees is required, the Court may award both Primus and Swisslog up to an additional $1,500.00 to recover the cost of preparing application(s) for assessment of fees.
8. empirical's Motion for Leave to Allow Evidence in Support of Reply Brief (Filing No. 168) is granted.

Dated this 7th day of June 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge