IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMPIRICAL FOODS, INC., | |
| Plaintiff,<br>Counter Defendant,<br>Cross Defendant,<br>Third Party Plaintiff, | **8:19CV457**<br><br>**ORDER** |
| vs. | |
| PRIMUS BUILDERS, INC., | |
| Defendant,<br>Counter Defendant,<br>Counter Claimant,<br>Third Party Plaintiff, | |
| vs. | |
| SWISSLOG LOGISTICS, INC. | |
| Counter Claimant,<br>Third Party Defendant<br>Cross Claimant. | |

A hearing was held today to set the hearing on Primus' motion to compel and request for sanctions, to include a finding of spoliation. All parties discussed their respective positions on the issues to be addressed. To the court's ongoing frustration, the parties cannot agree on what steps are necessary to be prepared for the hearing and the order in which those steps must be taken. So, a trial (with expert testimony) is necessary as to how to conduct discovery for this case, whether relevant discovery is no longer available, and whether evidence has been spoliated. The parties have been warned that if I conclude evidence is irretrievably lost due to spoliation, I will enter findings and a recommendation for

Judge Rossiter's consideration. The sanctions for spoliation can range from an adverse inference to dismissal of claims.

The question of whether the facility at issue can be restored to its condition as of August 7, 2019 rests on at least two questions: 1) Can empirical provide a copy of the software being used as it existed on August 7, 2019; and, 2) Can the physical facility be reconstructed to its condition on that date? Based on the parties' representations, it will take more than a million dollars to restore the physical parts of the facility that were dismantled by empirical, and before that process can reasonably be considered, another 5-day site visit may be necessary. Such efforts and expense will be wholly unnecessary if empirical cannot produce or re-engineer the software to its August 7, 2019 condition.

Primus and Swisslog have demanded copies of all software, including iFix and Dynamics, as they existed on August 7, 2019. A dispute exists as to whether the iFix and Dynamics software is even relevant to this case, and whether it has been changed since August 7, 2019. The court cannot decide that issue without expert testimony. The experts also need to know and explain to the undersigned magistrate judge the system architecture of the empirical facility, including digital interactions with and use of the host database. And if the technology portion of the plant can be restored, the court needs to understand the environment to which it will be restored.

Despite years of litigation, my prior orders, and the pending motion to compel, empirical cannot currently state whether the software and host database can be restored to the August 7, 2019 condition. Primus and Swisslog were entitled to this information long ago.

Accordingly,

IT IS ORDERED:

1) To allow Swisslog and Primus, and their experts, to prepare for the hearing on Primus' motion to compel, on or before March 25, 2022, empirical shall provide to Primus and Swisslog:

a) a copy of its software used for the facility at issue, including the iFix and Dynamics software, as that software existed <u>as of August 7, 2019</u>;

b) any and all business records of empirical which describe and/or visually depict the system architecture for the empirical facility at issue, including but not limited to any descriptions of the communications, and routing of communications, between the software and databases used; and

c) an explanation of the environment to which the software will be restored, if at all, for further site testing.

2) empirical remains obligated to promptly provide updated and accurate information until this case is over. However, for the purposes of the hearing on Primus' pending motion:

a) any purported updates or corrections to disclosed information after March 25, 2019 will not be considered by the court at the hearing on Primus' motion to compel unless those changes could adversely impact empirical's arguments at that hearing.

b) any information which empirical has not provided prior to March 25, 2019, but which was at one time in empirical's possession and control, has been requested by Swisslog or Primus through discovery, and is relevant to their experts' testimony at the evidentiary hearing on Primus' motion to compel, will be deemed

irretrievably lost, destroyed, and/or unavailable for the purposes of that hearing.

3) As to the issue of whether the technology can be restored to its August 7, 2019 condition, and if not, whether empirical spoliated this evidence, a four-day evidentiary hearing will be held before the undersigned magistrate judge beginning on April 25, 2022 at 9:00 a.m. in Courtroom 2, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE.

Dated this 22nd day of February, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge